LeMars National Bank, Appellee, v. Joseph Gehlen *et al.*, Appellants.

Partnership: LIABILITY AS SURETY ON NOTE.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, JANUARY 19, 1892.

ACTION at law to recover the amount of a promissory note. There was a trial by the court without the aid of a jury, and a judgment in favor of the plaintiff. The defendants, Gehlen Bros. and Joseph Gehlen, appeal.—*Affirmed.*

*Struble, Rischel & Hart,* for appellants.

No appearance for appellees.

ROBINSON, C. J.—The note upon which this action is brought is for the sum of eight hundred and fifty dollars, dated January 9, 1886, payable to the plaintiff, sixty days after date, with ten per cent. interest after maturity, and purports to be signed by William H. Kurtz, Gehlen Bros., and J. H. Gehlen. Gehlen Bros. and Joseph Gehlen filed an answer, in which they denied liability on the note, and averred that, when the note was made, the firm of Gehlen Bros. was a partnership, of

which John H. Gehlen and Joseph Gehlen were the only partners; that the firm carried on the business of operating a mill, making flour and feed, and buying grain for milling purposes, and selling and shipping grain, flour, and feed; that the firm name was attached to the note as surety by John .H. Gehlen, without the knowledge or consent of Joseph Gehlen, and without authority, and for a purpose not within the scope of the partnership business. The court found that the firm of Gehlen Bros. received four hundred and fifty dollars of the consideration for which the note was given, and rendered judgment for that amount, with interest at ten per cent. per annum, an attorney's fee of thirty-seven dollars and sixty-four cents, and costs, against the firm and Joseph Gehlen and in favor of the plaintiff. There is an irreconcilable conflict in the evidence, that offered on the part of the plaintiff tending to show that Gehlen Bros. received four hundred and fifty dollars of the money for which the note was given, and that it was the custom of the firm to sign notes as surety; also that Joseph Gehlen had recognized liability on the note on the part of himself and the firm. The evidence on the part of the defendants tended to show that the note in suit was a renewal of one given in the year 1884 by Kurtz, which had been signed by Gehlen Bros. as surety; but the testimony of Kurtz, given in behalf of the defendants, in some respects corroborates the evidence for the plaintiff, in admitting that some of the money for which the note was given was received by Gehlen Bros. The claim of the plaintiff is also corroborated in other respects. It would serve no good purpose to set out the evidence at length. It is sufficient to say that it so far supports the finding and judgment of the district court that we are not authorized to set them aside. As the note was a valid obligation on the part of the firm and its members for the amount of the judgment rendered in favor of the plaintiff, and as the note provided for the payment of a reasonable attorney's fee, it was not error to allow for that purpose the sum specified in the judgment. AFFIRMED.